FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 7 2006 ★
P.M. ___
TIME A.M. ___

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GINO DE LUCA,

                Petitioner,

    – against –

MICHAEL A. ZENK, *et al.*,

                Respondents.
------------------------------------------------------------X

MEMORANDUM and ORDER

04 CV 5233 (SLT)

**TOWNES, United States District Judge:**

In this action, Gino DeLuca ("Petitioner"), an inmate of the Metropolitan Detention Center in the Eastern District of New York, seeks a writ of *habeas corpus* to compel respondents to recalculate his sentence under 18 U.S.C. § 3624(b). Based on the submission of the parties, and for the reasons stated below, the Petition is DENIED.

## BACKGROUND

Petitioner was convicted for mail and wire fraud, in violation of 18 U.S.C. § 1341, in the United States District Court for the District of Massachusetts and was sentenced to 37 months of imprisonment. In his petition for a writ of habeas corpus, he disputes the method of calculation used by the Bureau of Prisons ("BOP") in crediting his sentence for good behavior ("GTC") pursuant to 18 U.S.C. § 3624(b) ("Section 3624(b)"). Section 3624(b) states, in pertinent part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year[], other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at th end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations ... [I]f the Bureau determines that, during that year, the prisoner has

> not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate . . . Credit that has not been earned may not later be granted . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be pro-rated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). According to Petitioner, the maximum amount of time creditable to a prisoner's sentence, under § 3634(b)(1), is 54 days multiplied by the number of years of confinement to which the prisoner was sentenced.[1] (Petition, ¶ 10.) However, the method of calculation currently employed by BOP is not dependent on the sentence of the inmate but instead subtracts 54 days of the inmate's remaining sentence at the end of each year during which the inmate's conduct entitles him or her to good time credit. *See* 28 C.F.R. § 523.20 ("an inmate earns 54 days credit toward service of sentence (good time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year."). The difference between these two methods of calculation is seven days per year, which, Petitioner argues, is a loss not creditable to the sentence of those serving more than 13 months. (Petition, ¶ 13.) As a result, Petitioner argues, he is unable to avail himself of the maximum allowable GTC and should be entitled to another 17 days credit on his sentence.

In sum, Petitioner seeks a writ of habeas corpus on the ground that the method of calculation employed by the BOP produces inconsistent results and denies Petitioner equal protection under the law. Respondent argues that Petitioner failed to exhaust his

---

[1] Petitioner's reading is implicitly based on the argument that canons of statutory construction would require the Court to read the phrase "term of imprisonment" found in the first sentence of the passage as the same "term of imprisonment" mentioned in subsequent sentences of the passage.

2

administrative remedies, that the BOP method of calculation is reasonable and entitled to *Chevron* deference.

## DISCUSSION

Petitioner's arguments against the BOP method of calculation have all been made in nearly identical petitions (some bearing the exact same wording, save the Petitioners' names, inmate register numbers, and sentences[2]) brought in several circuits over the past year. Courts faced with this issue have agreed with those petitioners claiming the statute is ambiguous but uphold the BOP's method of calculation nevertheless as a reasonable interpretation thereof, and dismiss the petition. *See, e.g., Perez v. Zenk*, 2005 WL 990696, at *3 (E.D.N.Y. Apr. 11, 2005) (Amon, *J.*); *Tash v. Zenk*, 2005 WL 503938 (E.D.N.Y. Feb. 14, 2005) (Gleeson, *J.*); *Loeffler v. Bureau of Prisons*, 2004 WL 2417805 (S.D.N.Y. Oct. 29, 2004). The Second Circuit has affirmed this interpretation. *See Sash v. Zenk*, 428 F.3d 132 (2d Cir. 2005), *affirming* 344 F. Supp. 2d 376 (E.D.N.Y. 2004) (Garaufis, *J.*).

Petitioner's argument that he is denied equal protection by BOP's use of a different calculation formula in awarding GTC to those inmates serving less than 13 months than that used for inmates serving longer sentences has also been rejected in this district. "Courts will uphold a law that neither burdens a fundamental right nor targets a suspect class so long as the legislative classification bears a rational relation to some independent and legitimate legislative end." *Perez*, 2005 WL 990696 at *4. It is established both that inmates are not a suspect class and that a reduction in sentence in exchange for good behavior is not a

---

[2] For example, the substantive paragraphs relevant to Petitioner's equal protection claims are nearly identical to those in *Perez* and *Tash*. *See Perez*, 2005 WL 990696, No. 04CV5069, docket at 1; *Tash*, 2005 WL 503938, No. 04CV4613, docket at 1.

3

fundamental right. *Id.* The policy has also been found to be rationally related to the governmental purpose of awarding GTC to inmates whose shorter sentences would not otherwise entitle them to benefit from good behavior. *Id.*; *see also Pollard v. Zenk*, 2005 WL 1263478, at *3 (E.D.N.Y. May 27, 2005) (Garaufis, *J.*) ("distinction between groups of inmates does not rise to constitutional dimensions").

This Court sees no reason to diverge from these opinions. Petitioner's application is therefore DENIED.

## CONCLUSION

For the reasons discussed above, the instant petition is DENIED. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
February _1_, 2006

SANDRA L. TOWNES
United States District Judge